**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10183 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00338-JSW |
| v. | |
| DION MARLIN NICHOLS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 24, 2016[**]

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Dion Marlin Nichols appeals from the district court's judgment and challenges the 108-month sentence imposed following his guilty-plea conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). We dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Nichols contends that his sentence is illegal because the district court violated his rights to due process and effective assistance of counsel at sentencing by relying, without notice, on evidence outside the record to discredit a defense expert. The government argues that this appeal should be dismissed based on an appeal waiver contained in the parties' plea agreement. We review de novo whether to enforce an appeal waiver. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Although Nichols is correct that the district court mentioned its experience with Dr. Flinton in a prior case, that reference does not constitute clear error. The district court rejected Dr. Flinton's conclusions due to the actual evidence of Nichols's admitted history. The district court stated that it had reviewed Dr. Flinton's report, and found that because Dr. Flinton's opinion "defies credulity and defies logic," it would not be accepted by the court. ER 286, 306-07. Because the district court acted within its discretion in evaluating Dr. Flinton's conclusions in this case, we find that the mention of the court's past experience with Dr. Flinton was not reversible error. *See United States v. Yi*, 704 F.3d 800, 807 (9th Cir. 2013). Accordingly, Nichols's sentence is not illegal, and we dismiss this appeal in light of the valid appeal waiver. *See Watson*, 582 F.3d at 988.

**DISMISSED.**